IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:23-cv-00249 |
| | ) |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| CARL A. MANIS, *et al.*, | ) United States District Judge |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His complaint arises from events that occurred while he was housed at Wallens Ridge State Prison (WRSP) and Red Onion State Prison (ROSP). His amended complaint alleges 33 claims against 62 defendants. (Dkt. No. 11.) The court will sever his claims as discussed below.

**I. SEVERANCE**

Based upon a review of the complaint, the court concludes that Ofori's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

Even if there were no misjoinder, however, the court concludes that allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge different aspects of his incarceration and unrelated actions by

various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act (PLRA). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without joinder. *See Daker v. Head*, 750 F. App'x 765, 768 (11th Cir. 2018) (explaining that district court should have severed unrelated claims under Rule 21 and *sua sponte* dismissed improper defendants rather than dismissing prisoner's amended complaint); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

  Here, the complaint alleges different claims and unrelated factual allegations, such that it would not be efficient or otherwise appropriate to allow Ofori to prosecute all his claims in a single case. *See Moore*, 2023 WL 5095696, at *1; *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly different from one another, will require different witnesses or different documentary proof, and the prejudice to any party as to the decision of whether to sever).

  Accordingly, the court will exercise its discretion to sever Ofori's claims into separate lawsuits, attempting to group together like claims, or claims against the same defendants, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Ofori's amended complaint (Dkt. No. 11) shall be filed as the opening document in each of the new lawsuits. The new lawsuits will be

conditionally filed, and Ofori will be required to return a consent-to-fee form in each of the new cases, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new cases as it was for this case: $20.05. In the alternative, Ofori may elect not to proceed with any of the new cases and may move to voluntarily dismiss any of the new cases. Additionally, if Ofori fails to return the consent-to-fee form in a new case, it will be dismissed without prejudice.

The fact that the court is allowing the filing of Ofori's claims in other lawsuits is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims will be evaluated after Ofori returns his consent-to-fee form.

## II.  ORDER

It is HEREBY ORDERED that this case is SEVERED into a total of 27 cases (this case and 26 new cases). The Clerk is DIRECTED to open 26 new cases and to conditionally file a copy of the amended complaint (Dkt. No. 11) in the new cases, along with a copy of this memorandum opinion and order, with each case involving the topics as listed below. In each new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the paragraph numbers that will constitute that particular case.

The Clerk also shall docket Ofori's Statement of Assets and Prisoner Trust Account Report (Dkt. Nos. 2, 4, 8) in the new cases, and issue conditional filing orders requiring Ofori (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of $20.05 and, over time as funds are available, the remainder of the $350 filing fee for that case. Lastly, the Clerk also shall send Ofori a copy of a docket sheet in each case to give him clear notice of the new case numbers and the content of each case.

The court has identified the defendants in each claim as best as it can. However, as to some of the claims, one or more individuals named as being involved are identified as "John Doe" or "Jane Doe." After Ofori returns his consent-to-fee form in each case, the court may permit him to file an amended complaint and name other defendants or to substitute defendants for any Doe defendants.

The subject-matter of each case shall be as follows:

1. This case shall involve the allegations in paragraphs 8–13. The claims involve allegations of retaliation and harassment in 2019. Defendants to these claims are Collins, T.B. Smith, C. Long, M.D. Powers, Rutledge, D.J. Brown, J. Gilbert, T. Persons, B.J. Ravizee, S. Stallard, and McMurry.

2. New Lawsuit One shall involve the allegations in paragraphs 14–18. The claims involve plaintiff's religious practices in 2019. Defendants to these claims are T.B. Smith, B.J. Ravizee, M.D. Powers, J. Gilbert, Carl A. Manis, and Collins.

3. New Lawsuit Two shall involve the allegations in paragraphs 19–24. The claims involve allegations that defendants tampered with Ofori's food tray. Defendants to these claims are T.B. Smith, S. Stallard, M.D. Powers, Rutledge, D.J. Brown, J. Gilbert, Carl A. Manis, and Anderson.

4. New Lawsuit Three shall involve the allegations in paragraphs 25–27. The claims involve allegations that Ofori was falsely accused of having an illegal substance. Defendants to these claims are T.B. Smith, B.J. Ravizee, C.W. Franks, C. Long, M.D. Powers, Rutledge, D.J. Brown, and J. Gilbert.

5. New Lawsuit Four shall involve the allegations in paragraphs 28–32. The claims involve allegations of interference with Ofori's religious practices. Defendants to these claims are

King, R.J. Cochrane, T.B. Smith, Stapleton, M.D. Powers, Rutledge, D.J. Brown, J. Gilbert, D. Holman, and G.G. Bledsoe.

6. New Lawsuit Five shall involve the allegations in paragraphs 33–34. These claims involve allegations that defendants planted contraband in Ofori's cell. Defendants to these claims are M.D. Powers, D.J. Brown, J. Gilbert, D. Holman, and G.G. Bledsoe.

7. New Lawsuit Six shall involve the allegations in paragraphs 35–38. These claims involve allegations that items were stolen from Ofori's cell. Defendants to these claims are Carl A. Manis, King, R.J. Cochrane, D. Holman, and G.G. Bledsoe.

8. New Lawsuit Seven shall involve the allegations in paragraphs 39–46. These claims involve allegations that Ofori was served with a false confiscation of contraband form. Defendants to these claims are Anderson, J.W. Carico, B. McCray, B.L. Hughes, B.J. Ravizee, C.W. Franks, M.L. Daniel, C. Long, D.J. Brown, and J. Gilbert.

9. New Lawsuit Eight shall involve the allegations in paragraphs 47–50. These claims involve false accusations and retaliation against Ofori. Defendants to these claims are David W. Zook, Anderson, King, J.W. Carico, B. McCray, W.R. Hensley, H.A. Osborne, D.J. Brown, and J. Gilbert.

10. New Lawsuit Nine shall involve the allegations in paragraphs 51–55. These claims involve allegations of retaliation against and an excessive search of Ofori. Defendants to these claims are Carl A. Manis, David W. Zook, J.W. Carico, B. McCray, M.W. Gilley, B.J. Ravizee, C.W. Franks, J. Gilbert, and D. Britter.

11. New Lawsuit Ten shall involve the allegations in paragraphs 56–63 and 74–77. These claims involve allegations that Ofori was given the wrong items in his food tray, that he was denied food on various days, and that his lunch tray was filthy. Defendants to these claims are Carl

A. Manis, David W. Zook, Anderson, King, J.W. Carico, B. McCray, M.W. Gilley, W.R. Hensley, M.D. Powers, Rutledge, D.J. Brown, B.J. Ravizee, S. Stallard, J. Mosley, and J. Gilbert.

12. New Lawsuit Eleven shall involve the allegations in paragraphs 64–67 and 71–73. These claims involve allegations related to an incident where Ofori claims he was harassed, assaulted, and pepper sprayed. Defendants to these claims are Harold Clarke, Carl A. Manis, David W. Zook, Anderson, J.W. Carico, B. McCray, M.W. Gilley, B.J. Ravizee, C.W. Franks, H.A. Osborne, J. Gilbert, and J. Mosley.

13. New Lawsuit Twelve shall involve the allegations in paragraphs 68–70. These claims involve allegations that Ofori's request for a transfer was denied. Defendants to these claims are David W. Zook, J.W. Carico, M.W. Gilley, H.A. Osborne, C.J. Gensinger, J. Gilbert, and A. Dunning.

14. New Lawsuit Thirteen shall involve the allegations in paragraphs 78–80. These claims involve allegations that Ofori received insufficient recreation time in the evening. Defendants to these claims are Anderson, King, J.W. Carico, B. McCray, and four John Doe defendants.[1]

15. New Lawsuit Fourteen shall involve the allegations in paragraphs 81–83. These claims involve allegations that Ofori did not receive a law book that his brother ordered for him. Defendants to these claims are Anderson, King, J.W. Carico, B. McCray, B.J. Ravizee, and M.L. Daniel.

---

[1] These are identified as follows: (1) a sergeant at WRSP who conducted a round in CI-pod on December 1, 2020 (during night rec); (2) someone who was or is a correctional officer at WRSP and was manning the gun in the booth of CI-pod/side on December 1, 2020; (3) someone who was or is a correctional officer at WRSP and was a floor officer in CI-pod on December 1, 2020 (during night rec); and (4) someone who was or is a correction officer at WRSP who was the second floor-officer in CI-pod on December 1, 2020.

16. New Lawsuit Fifteen shall involve the allegations in paragraphs 84–101. These claims involve allegations that Ofori received retaliation and other threats in response to a lawsuit or lawsuits he had filed. Defendants to these claims are Melvin C. Davis, King, J.W. Carico, R.J. Cochrane, Collins, Cook, C.W. Franks, W.R. Hensley, Miller, H.A. Osborne, Timothy E. Davis, J. Gilbert, Winston, Berg, and a John or Jane Doe defendant who was or is a staff member at WRSP who took part in officials showing Ofori's confidential records to other inmates on March 15, 2021.

17. New Lawsuit Sixteen shall involve the allegations in paragraphs 102–05. These claims involve allegations about a disciplinary charge against Ofori for tampering with a security device. Defendants to these claims are Carl A. Manis, Melvin C. Davis, B.J. Ravizee, C.W. Franks, and Broyles.

18. New Lawsuit Seventeen shall involve the allegations in paragraphs 106–10. These claims involve allegations that Ofori was the subject of a targeted cell search. Defendants to these claims are R. Boyd, B. McCray, C.W. Franks, and Smith.

19. New Lawsuit Eighteen shall involve the allegations in paragraphs 111–13. These claims involve allegations that certain personal property belonging to Ofori was stolen. Defendants to these claims are R. Boyd, B. McCray, Cook, and B.J. Ravizee.

20. New Lawsuit Nineteen shall involve the allegations in paragraphs 114–17. These claims involve allegations that Ofori was transferred to ROSP in retaliation for his ongoing lawsuits. Defendants to these claims are Jeffery Artrip, J. Blevins, R. Boyd, R.J. Cochrane, Cook, Timothy E. Davis, and M.L. Daniel.

21. New Lawsuit Twenty shall involve the allegations in paragraphs 118–26. These claims involve allegations that Ofori was attacked by gang members. Defendants to these claims are Rick White, King, D.R. Branham, K.D. Ramey, and S.B. Franklin.

22.     New Lawsuit Twenty-One shall involve the allegations in paragraphs 127–54.  These claims involve allegations that Ofori was denied access to legal resources.  Defendants to these claims are Harold Clarke, Rick White, Anderson, R.J. Cochrane, Isbell, Miller, H.A. Osborne, and a Jane or John Doe defendant who is or was the Secretary for Anderson from 2019 to 2021.

23.     New Lawsuit Twenty-Two shall involve the allegations in paragraphs 155–70.  These claims involve allegations that Ofori was deprived of recreation time.  Defendants to these claims are David W. Zook, Melvin C. Davis, King, J.W. Carico, R. Boyd, B. McCray, T.B. Smith, Miller, Long, M.D. Powers, Rutledge, D.J. Brown, and Gilbert.

24.     New Lawsuit Twenty-Three shall involve the allegations in paragraphs 171–85.  These claims involve allegations that Ofori was provided with inadequate diet and lighting, exposed to contamination, and deprived of school programs.  Defendants to these claims are Carl A. Manis, Melvin C. Davis, Jeffery Artrip, Rick White, David W. Zook, Anderson, King, J. Blevins, J.W. Carico, R. Boyd, McCray, B.L. Hughes, Cook, M.W. Gilley, S. Stallard, Rutledge, D.J. Brown, Gilbert, and Smith.

25.     New Lawsuit Twenty-Four shall involve the allegations in paragraphs 186–87.  These claims involve allegations that Ofori was deprived of due process.  All defendants named in the amended complaint shall be defendants in this lawsuit.[2]

26.     New Lawsuit Twenty-Five shall involve the allegations in paragraphs 188–89.  These claims involve allegations related to Ofori's access to religious services.  Defendants to these claims are Carl A. Manis, Melvin C. Davis, Jeffery Artrip, Rick White, Anderson, King, and Collins.

---

[2] Unlike his other claims, Ofori does not name any specific defendants for this claim.  Therefore, the court presumes that he means to involve all defendants in this claim.

27. New Lawsuit Twenty-Six shall involve the allegations in paragraphs 190–91. These claims involve allegations regarding Ofori's complaints about the grievance process. Defendants to these claims are Carl A. Manis, David W. Zook, Melvin C. Davis, Anderson, J. Blevins, King, Collins, J.W. Carico, R. Boyd, and B. McCray.

If Ofori does not want to pursue any of the new cases, he may file a motion voluntarily dismissing that lawsuit. Ofori should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Ofori.

Entered: October 17, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge