CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI, <br>     Plaintiff, | ) <br> )    Civil Action No. 7:23-cv-00249 <br> ) |
| v. | ) <br> )    By: Elizabeth K. Dillon |
| MR. COLLINS, *Unit Manager at WRSP*, *et al.*, <br>     Defendants. | )        Chief United States District Judge <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. After he filed an amended complaint (Dkt. No. 11), the court issued an order severing the claims in the amended complaint into a total of 27 cases (26 new cases). What remained in this case was the allegations in paragraphs 8–13 of the amended complaint involving alleged retaliation and harassment in 2019. (Mem. Op., Dkt. No. 12.) The court then directed the Clerk to attempt service on the defendants to those claims. (Dkt. No. 17.)

Now before the court is Ofori's motion for leave to file a second amended complaint. (Dkt. No. 29.) The court will grant this motion; however, the court will sever the claims in the second amended complaint as discussed below.

I.  LEAVE TO AMEND

Ofori is not entitled to amend his complaint as a matter of course because he has already filed one amended complaint. *See* Fed. R. Civ. P. 15(a)(1) (providing that a party "may amend its pleading once as a matter of course . . ."). However, leave to amend should be given "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404,

426 (4th Cir. 2006). Defendants have not identified any bad faith or prejudice,[1] and in the court's view, the proposed amendment would not be futile.

Therefore, the court will grant plaintiff leave to file a second amended complaint.

## II.  SEVERANCE

Based upon a review of the second amended complaint, the court concludes that Ofori's claims and defendants are misjoined. *See* Fed. R. Civ. P. 18, 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. *See Moore v. Squire*, Civil Action No. 7:23-cv-00439, 2023 WL 5095696, at *1 (W.D. Va. Aug. 9, 2023).

Even if there were no misjoinder, however, the court concludes that allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the purposes of the Prison Litigation Reform Act (PLRA). Moreover, Rule 21 of the Federal Rules of Civil Procedure allows a court the discretion to "sever any claim against a party" and proceed with it separately. Fed. R. Civ. P. 21; *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). Use of Rule 21 has been approved by circuit courts in the context of initial reviews of prisoner complaints, with and without joinder. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (holding that district court should have severed case into separate actions or dismissed improperly joined defendants).

---

[1] Plaintiff could also amend with the consent of the defendants. Fed. R. Civ. P. 15(a)(2). Defendants do not oppose plaintiff's motion, but they also do not consent to the proposed amendment. (Dkt. No. 32.)

Here, the second amended complaint alleges different claims and unrelated factual allegations, such that it would not be efficient or otherwise appropriate to allow Ofori to prosecute all of his claims in a single case. *See Moore*, 2023 WL 5095696, at *1; *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007) (noting that, in determining whether severance is proper, courts may consider whether the issues to be severed are significantly different from one another, will require different witnesses or different documentary proof, and the prejudice to any party as to the decision of whether to sever).

Accordingly, the court will exercise its discretion to sever Ofori's claims into separate lawsuits, attempting to group together like claims, or claims against the same defendants, in order to promote judicial efficiency and ensure that the claims can be addressed in an orderly fashion. Along with a copy of this memorandum opinion and order, Ofori's second amended complaint (Dkt. No. 29-1) shall be filed as the opening document in each of the new lawsuits. The new lawsuits will be conditionally filed, and Ofori will be required to return a consent-to-fee form in each of the new cases, based on the *in forma pauperis* application he has provided in this case. The amount of the required initial partial payment will be the same in the new cases as it was for this case: $20.05. In the alternative, Ofori may elect not to proceed with any of the new cases and may move to voluntarily dismiss any of the new cases. Additionally, if Ofori fails to return the consent-to-fee form in a new case, it will be dismissed without prejudice.

The fact that the court is allowing the filing of Ofori's claims in other lawsuits is not a finding that he has stated any meritorious claim for relief under 42 U.S.C. § 1983 or any other valid claim. Instead, the claims will be evaluated after Ofori returns his consent-to-fee form.

III.  ORDER

It is HEREBY ORDERED that plaintiff's motion for leave to file a second amended complaint (Dkt. No. 29) is GRANTED.  The Clerk is directed to file Dkt. No. 29-1 as the second amended complaint in this action.

It is FURTHER ORDERED that this case is SEVERED into a total of 10 cases (this case and 9 new cases).  The Clerk is DIRECTED to open 9 new cases and to conditionally file a copy of the second amended complaint (Dkt. No. 29-1) in the new cases, along with a copy of this memorandum opinion and order.  In each new civil action, the Clerk is further DIRECTED to include in the first docket entry, in bold type, the paragraph numbers that will constitute that particular case.

The Clerk also shall docket Ofori's Statement of Assets and Prisoner Trust Account Report (Dkt. Nos. 2, 4, 8) in the new cases, and issue conditional filing orders requiring Ofori (if he intends to go forward with the claim(s) in that case) to consent to collection of an initial payment of $20.05 and, over time as funds are available, the remainder of the $350 filing fee for that case.  Lastly, the Clerk also shall send Ofori a copy of a docket sheet in each case to give him clear notice of the new case numbers and the content of each case.

The court has identified the defendants for each claim as best as it can.  However, as to some of the claims, one or more individuals named as being involved is identified as "John Doe" or "Jane Doe."  After Ofori returns his consent-to-fee form in each case, the court may permit him to file an amended complaint and name other defendants or to substitute defendants for any Doe defendants.

The subject-matter of each case shall be as follows:

1.     This case shall involve the allegations in paragraphs 6 and 18(A).  These allegations are related to plaintiff's access to court and interference with his food service.  Defendants to these

4

claims are McMurray, C. Long, M.D. Powers, M. Rutledge, D.J. Brown, J. Gilbert, and T. Person.[2] The Virginia Office of the Attorney General shall have thirty (30) days from the date of this order to identify "T. Person" or "T. Persons," and shall have sixty (60) days from the date of this order to file a responsive pleading.

    2. New Lawsuit **One** shall involve the allegations in paragraphs 7 and 18(B). These allegations pertain to retaliation and threats in response to complaints and grievances. Defendants to these claims are Collins, R.J. Cochrane, T.B. Smith, B.J. Ravizee, G.G. Bledsoe, McMurray, C. Long, and T. Person.

    3. New Lawsuit **Two** shall involve the allegations in paragraphs 8 and 18(B). These allegations relate to plaintiff being denied food during the appropriate time so he could not fast during Ramadan. The defendants to these claims are T.B. Smith and John/Jane Doe.

    4. New Lawsuit **Three** shall involve the allegations in paragraphs 9 and 18(C). These allegations relate to interference with plaintiff's celebration of Eid-Al-Adha. The defendants to these claims are Carl A. Manis, D. Collins, B.J. Ravizee, and M.D. Powers.

    5. New Lawsuit **Four** shall involve the allegations in paragraph 10. These allegations relate to allergic reactions after tampering with plaintiff's food. The defendants to these claims are M.D. Powers, M. Rutledge, D.J. Brown, and J. Gilbert.

    6. New Lawsuit **Five** shall involve the allegations in paragraph 11. These allegations involve plaintiff's claim that his food tray was sabotaged and he was threatened with mace. The defendants to these claims are Carl A. Manis, T.B. Smith, M.D. Powers, M. Rutledge, D.J. Brown, and J. Gilbert.

---

[2] In his first amended complaint, plaintiff identified a defendant as "T. Persons," who could not be identified by counsel from the Virginia Office of the Attorney General.

7. New Lawsuit **Six** shall involve the allegations in paragraphs 12 and 18(D). It involves plaintiff's cell being searched and various items being stolen. The defendants to these claims are Carl A. Manis, King, D. Collins, T.B. Smith, B.J. Ravizee, McMurray, D.J. Brown, J. Gilbert, and T. Person.

8. New Lawsuit **Seven** shall involve the allegations in paragraph 13–15. Plaintiff claims that he was placed in a restrictive housing unit (RHU) in retaliation for grievances and for exercising his religious rights, and that several items were confiscated. The defendants to these claims are King, R.J. Cochrane, T.B. Smith, G.G. Bledsoe, D. Holman, M. Rutledge, D.J. Brown, J. Gilbert, C. Long, Carl A. Manis, M.D. Powers, and D. Collins,

10. New Lawsuit **Eight** shall involve the allegations in paragraph 16. These allegations pertain to confiscation of certain items when plaintiff was returning from the shower. The defendants to these claims are R.J. Cochrane, T.B. Smith, B.J. Ravizee, and C. Long.

11. New Lawsuit **Nine** shall involve the allegations in paragraph 17. These allegations relate to grievance activities and the loss of exculpatory evidence. The defendants to these claims are Carl A. Manis, King, T.B. Smith, C.W. Franks, B.J. Ravizee, C. Long, and J. Gilbert.

If Ofori does not want to pursue any of the new cases, he may file a motion voluntarily dismissing that lawsuit. Ofori should carefully consider which cases and claims to pursue. If he elects to proceed with a case, and the claims in it are later dismissed as frivolous or for failure to state a claim, that dismissal will likely count as a "strike" for purposes of the PLRA's three-strikes provision, 28 U.S.C. § 1915(g). *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) (holding that a dismissal of a suit for failure to state a claim whether with or without prejudice, counts as a strike under the PLRA).

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Ofori and to all counsel of record.

Entered: March 6, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge