CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 02, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI,<br>    Plaintiff, | )<br>)<br>) Civil Action No. 7:23-cv-00249<br>) |
| v. | )<br>) |
| | ) By: Elizabeth K. Dillon |
| C. LONG, *et al.*, | )    Chief United States District Judge |
|     Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Terry K. Ofori, a Virginia inmate proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983, alleging claims that arise from events that occurred while he was housed at Wallens Ridge State Prison (WRSP) and Red Onion State Prison (ROSP). On October 17, 2023, the court issued an order severing the amended complaint into 27 cases (this case and 26 new cases). (Dkt. No. 12.) The court denied a motion for reconsideration. (Dkt. No. 16.)

Ofori then filed a motion for leave to file another amended complaint. (Dkt. No. 29.) The court granted this motion. (Dkt. No. 38.) However, the court severed the second amended complaint into ten cases, this case and nine new cases. (Dkt. Nos. 38, 39.) Ofori has now filed a motion to reconsider the severance order. (Dkt. No. 42.) Plaintiff has also filed a motion for an extension of time to respond to a pending motion to dismiss and a motion for a continuance. (Dkt. Nos. 46, 47.) Plaintiff's motions for a continuance and for an extension of time will be granted, but his motion to reconsider will be denied.

### I. MOTION TO RECONSIDER SEVERANCE

Ofori's motion is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides that an interlocutory, non-dispositive order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P.

54(b). Rule 54(b)'s approach involves "broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original). A court may revise an interlocutory order "under the same circumstances in which it may depart from the law of the case," *id.*; (1) "a subsequent trial producing substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice." *Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 515 (4th Cir. 2003); *see also Schiff v. Brown*, Civil Action No. DKC 23-338, 2023 WL 8019022, at *1 (D. Md. Nov. 20, 2023) (listing "narrow circumstances" where courts in this circuit may reconsider interlocutory orders).

Plaintiff argues that his second amended complaint should have been granted as a matter of course pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Dkt. No. 42.) Because the court granted plaintiff leave to amend pursuant to Rule 15(a)(2), which provides that leave should be given "freely . . . when justice so requires," plaintiff's central concern is that the court then severed the second amended complaint. But, regardless of the reason or type of amendment, an amendment pursuant to Rule 15 does not preclude the court from severing Ofori's complaint *sua sponte*. *See Forrest v. Charles River Labs.*, Civil Action No. 2:18-2519-DCN-BM, 2019 WL 13259407, at *3 n.4 (D.S.C. Mar. 11, 2019) (explaining that the court "may sever claims sua sponte, which results in the creation of separate actions").

Thus, the court turns to whether it should reconsider severance of the second amended complaint. Because the law has not changed and severance of the second amended complaint is appropriate under that law, Ofori's motion to reconsider will be denied.

Courts have wide discretion in determining whether severance is appropriate. *See O'Quinn v. TransCanada USA Servs., Inc.*, 469 F. Supp. 3d 591, 603 (S.D.W. Va. 2020). In determining

2

whether severance is appropriate, courts look to factors such as whether severance would facilitate settlement or judicial economy, the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic. *Id.*

The court severed Ofori's second complaint because his claims and defendants were misjoined pursuant to Federal Rule of Civil Procedure 18 and 20, reasoning that "where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper." (Dkt. No. 38 at 2.) Further, even if there were no misjoinder, the court found that "allowing all of these claims to proceed in a single suit would make that lawsuit unwieldy and inefficient and would effectively allow Ofori to challenge different aspects of his incarceration and unrelated actions by various defendants in a single omnibus suit, in violation of the Prison Litigation Reform Act (PLRA)." (*Id.*) Thus, the court exercised its discretion to sever Ofori's claims into different lawsuits because it "would not be efficient or otherwise appropriate to allow Ofori to prosecute all his claims in a single case." (*Id.* at 3.) That ruling stands.

In sum, Ofori has not established that the court committed a clear error, causing manifest injustice, or any of the other justifications sufficient for the court to reconsider its severance order. Therefore, the court will deny Ofori's motion to reconsider.

## II. MOTIONS TO CONTINUE AND FOR EXTENTION OF TIME

Ofori also moves to continue and for an extension of time, where he once again contests the court's failure to grant him leave to amend as a matter of course. (Dkt. Nos. 46, 47.) He seeks a continuance to respond to the pending motion to dismiss, or in the alternative, states that the court can file his stand-alone amended complaint with exhibits, that he attached, which would moot the pending motion to dismiss. (*See id.*) The court will not file the stand-alone amended complaint as it would be redundant and futile because it is identical in all material respects to the second

3

amended complaint that the court already severed.  (*See* Second Am. Compl., Dkt. No. 39; Dkt. No. 47-1.)  The court will, however, give Ofori additional time to respond to the pending motion to dismiss.

### III.  CONCLUSION

For the reasons stated in this opinion, it is HEREBY ORDERED that:

1. Ofori's motion to reconsider (Dkt. No. 42) is DENIED;

2. Ofori's motions for a continuance and an extension (Dkt. Nos. 46, 47) are GRANTED, such that plaintiff's response to the pending motion to dismiss (Dkt. No. 43) is due to be filed within 45 days of this order.  To the extent that these motions seek leave to file another amended complaint or to reconsider the court's severance rulings, these motions are DENIED.

The Clerk is DIRECTED to provide a copy of this memorandum opinion and order to Ofori and to all counsel of record.

Entered: September 2, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge