CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

March 23, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TERRY K. OFORI, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00249 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| C. LONG, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Terry K. Ofori, a Virginia inmate acting *pro se*, brought this 42 U.S.C. § 1983 action against several defendants and then filed an amended complaint. (Dkt. No. 11.) The court severed that pleading into 27 total cases. (Dkt. No. 12.) Ofori then filed a motion for leave to file a second amended complaint, which the court granted, but the court severed that pleading into nine total cases. (Dkt. No. 38.) Pursuant to that order, the above-captioned lawsuit involves allegations that plaintiff was denied access to court and there was interference with his food service. (Dkt. No. 38 at 4.) Defendants to these claims are McMurray, C. Long, M.D. Powers, M. Rutledge, D.J. Brown, J. Gilbert, and T. Person. (*Id.* at 5.) Before the court is a motion to dismiss by five of these defendants (Long, Powers, Rutledge, Brown, and Gilbert).[1] (Dkt. No. 43.) Ofori did not respond to this motion. Also before the court is a motion to stay filed by Ofori. (Dkt. No. 50.)

For the reasons stated below, Ofori's motion to stay will be denied,[2] and defendants' motion to dismiss will be granted.

---

[1] The Office of the Attorney General declined service on McMurray and VDOC, and the Office of the Attorney General has been unable to identify T. Persons. (Dkt. No. 44 at 2.)

[2] Ofori asked for a stay pending resolution of a writ of mandamus that he filed in the Fourth Circuit Court of Appeals. (Dkt. No. 50.) The Fourth Circuit has since denied Ofori's mandamus petition. (Dkt. No. 56.) Accordingly, the court will deny Ofori's motion for a stay as moot.

## I. BACKGROUND

The allegations relevant to this lawsuit, accepted as true for purposes of defendants' motion to dismiss, are as follows.

Ofori alleges that he has noticed "issues" at Wallens Ridge State Prison that resulted in his rights being deprived and abused. (Second Am. Compl. ¶ 6.) Ofori attempted to resolve these issues, but he was "abused, harassed, threatened, assaulted, retaliated, discriminated, deprived, and conspired against." (*Id.*) Ofori states further that WRSP is "notoriously corrupt," does not respect inmates' rights, and there is a deeply ingrained culture of corruption. A "system" maintained by WRSP allows staff who would be interested in exacting "sadistic conduct" to know who to target. (*Id.*)

Late in 2018, Ofori filed a civil complaint in this judicial district about violations of his rights at WRSP since 2016. (*Id.*) The lawsuit was filed as Case No. 7:18-cv-607, which was later severed into Case Nos. 7:20-cv-343, 344, and 345. Ofori also references Case No. 7:23-cv-398. (Second Am. Compl. ¶ 18.) Plaintiff contends that the 2018 lawsuit was intercepted by staff who tried to thwart the suit by stealing pages out of it. (Second Am. Compl. ¶ 6.) Unspecified "officials" also targeted Ofori to compel him not to proceed with the 2018 lawsuit. (*Id.*) Ofori was also targeted by the defendants—McMurray, Long, Powers, Rutledge, Brown, Gilbert, and Person—who subjected Ofori to targeted harassment and retaliation in the form of ransacking Ofori's cell, taking his food and commissary, and denying Ofori his food tray and outdoor and indoor recreation four to seven times per week. (*Id.*)

2

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  The court need neither accept a complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  A pro se complaint must still "state a claim to relief that is plausible on its face."  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### B.  Personal Involvement

For an individual to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."  *Wright v. Collins*, 76 F.2d 841, 850 (4th Cir. 1985).  A plaintiff "must plead that each Government-official defendant, through the Official's own individual conduct, has violated the Constitution."  *Iqbal*,

3

556 U.S. at 676.  A plaintiff must show direct personal involvement by each particular defendant.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2021) (noting that liability in a civil rights case is "personal, based upon each defendant's own constitutional violations").  Further, a viable § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017).  Dismissal is appropriate when defendants are referenced only in the caption of the case.  *Williams v. Dotson*, Civil Action No. 7:25-cv-00522, 2026 WL 87652, at *1 (W.D. Va. Jan. 12, 2026) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant . . . the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.").)

Ofori does not plausibly allege the personal involvement of any of the defendants in any constitutional violation.  Ofori has alleged that he was subjected to "targeted harassments and retaliations" by defendants who ransacked his cell on a regular basis.  This is the only reference to any of the defendants by name.  (Second Am. Compl. ¶ 6.)  This is insufficient to state a claim because it does not contain any specific allegations or details about when or how Ofori's rights were violated through ransacking.  "General allegations, absent any specific facts of personal involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim."  *Brewington v. Daniel*, C/A No. 8:25-cv-1968-MGL-WSB, 2025 WL 1886364, at *6 (D.S.C. June 10, 2025) (citing *Potter*, 497 F.2d at 1207).

For these reasons, the court will grant the motion to dismiss and dismiss this matter in its entirety.[3]

---

[3] While McMurray and T. Person have not been served or appeared in this lawsuit, Ofori's claims against them can be dismissed for the same reasons that his claims are being dismissed against the defendants who filed this motion.  *See* 28 U.S.C. § 1915A(b)(1) (permitting a court to dismiss prisoner claims sua sponte for failure to state a claim); *see also Hess v. SWVRJ-Haysi Facility*, Civil Action No. 7:25-cv-00576, 2026 WL 27288, at *2 (W.D. Va.

4

III.  CONCLUSION

The court will issue an appropriate order granting defendants' motion to dismiss and denying plaintiff's motion to stay.

Entered: March 23, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge

---

Jan. 5, 2026) (explaining that the court's "screening authority" under §§ 1915A(b)(1), "unexercised in this case," does not "have any preclusive or binding effect" in subsequent proceedings).